IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SCOTT BODLEY,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　No.  15cv98 MV/LAM

BARBARA B. CRABB *et al.*,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING CASE

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3, filed February 4, 2015.  For the reasons stated below, the Court will **GRANT** the application and **DISMISS** this case **without prejudice**.

**Motion to Proceed** *in forma pauperis*

Plaintiff filed his Application to proceed without paying fees on February 4, 2015.  On February 24, 2015, Plaintiff paid the $400.00 filing fee.  *See* Doc. 6.  Plaintiff did not withdraw his Application from consideration by the Court.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

Plaintiff signed an affidavit in support of his Application in which he declares that he is unable to pay the costs of these proceedings and declares under penalty of perjury that the information regarding his income is true. Plaintiff states that: (i) he is currently unemployed; (ii) his wife's current monthly income is $800.00; (iii) his wife's total monthly expenses are $1,200.00; (iv) he and his wife have $100.00 cash and each of them have $100.00 in their bank account; and (v) their only asset is a car worth $9,000.00. The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs because he is unemployed, his wife's monthly income is less than her monthly expenses, and they have only $300.00 in cash and in their bank account.

**Dismissal of *In Forma Pauperis* Proceedings**

The statute governing proceedings *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)(i), states that "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." The Court will dismiss this case because it is frivolous. *See Fogle v. Pierson*, 435 F.3d 1252, 1257 (10th Cir. 2006) (holding that dismissal of frivolous claims pursuant to 28 U.S.C. § 1915 after plaintiff paid filing fee in full after being granted IFP status was proper).

Plaintiff filed this case pursuant to the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Complaint at 2, Doc. 1. The Defendants are two federal judges, Attorney General Eric Holder, some U.S. Attorneys and 10,000 unnamed Defendants to

be identified during discovery. Plaintiff asserts that the "RICO enterprise consists of every United States attorney and every federal judge involved in the prosecution and conviction of any person since Public Law 80-772 was enacted in 1948." Public Law 80-772 is "An Act To revise, codify, and enact into positive law, Title 18 of the United States Code, entitled 'Crimes and Criminal Procedure.'" 62 STAT. 683. Plaintiff states:

> Congress allegedly passed Public Law 80-772 by vote of the House of Representatives on May 12, 1947, when in fact no Quorum was present in the House of Representatives and the "voice vote" that occurred without identification of members voting was 38 to 6. This is in violation of the Quorum Clause of the Constitution as well as the Supreme Court's only ruling on the Quorum issue, United States v. Balin, Joseph & Co. No passage of the only authority occurred in the 80th Congress, and therefore, no law exists to charge, convict or imprison."

Complaint at 3.

The Tenth Circuit has concluded that the argument, that Public Law 80-772 was not properly enacted because there was no quorum, is frivolous.

> First, he contends that the grant of criminal jurisdiction to federal district courts found in 18 U.S.C. § 3231 violates the Quorum Clause of the United States Constitution. In relevant part, the Quorum Clause provides that "a Majority of each [congressional chamber] shall constitute a Quorum to do Business." U.S. Const. art. 1, § 5, cl. 1. Gonzalez–Arenas argues that a quorum was not present for a vote taken in the House of Representatives when § 3231 was passed into law by the Act of June 25, 1948, Pub.L. No. 80–772, 62 Stat. 683 (codified in scattered sections of 18 U.S.C.). Thus, he concludes, his convictions should be vacated because the district court lacked jurisdiction. This argument is frivolous and "foreclosed by the 'enrolled-bill rule,' under which a bill certified by the presiding officers of each chamber [of Congress]—as was the case with § 3231, *see* 94 Cong. Rec. 568 (1948)—is 'complete and unimpeachable.' " *United States v. Small,* 487 Fed.Appx. 302, 303 (7th Cir.2012) (unpublished) (quoting *Marshall Field & Co. v. Clark,* 143 U.S. 649, 672, 12 S.Ct. 495, 36 L.Ed. 294 (1892)); *see also United States v. Davis,* 375 Fed.Appx. 611, 612 (7th Cir.2010) (substantially the same); *United States v. Farmer,* 583 F.3d 131, 151–52 (2d Cir.2009) (same).

*United States v. Gonzalez-Arenas*, 496 Fed.Appx. 866, 867 (10th Cir. 2012); *see also United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2008) (describing the argument that "Title 18—the

3

federal criminal code—is unconstitutional because of supposed irregularities in its enactment" as "unbelievably frivolous").

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, Doc. 3, filed February 4, 2015, is **GRANTED.**

**IT IS ALSO ORDERED** that this case **DISMISSED without prejudice.**

_____
**MARTHA VAZQUEZ**
**UNITED STATES DISTRICT JUDGE**